PAMELA TSAO (SBN: 266734)
ASCENSION LAW GROUP
12341 Newport Ave., Suite B200
North Tustin, CA 92705
PH: 714.783.4220
FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff JOHN HO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HO, an individual<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D & S INVESTMENT, LLC, a limited liability company<br><br>　　　　Defendants. | Case No.: 8:24-cv-01065-JWH-DFM<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 55; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date: January 24, 2024<br>Time: 10:00 am<br>Location: Ronald Reagan Federal Building and U.S. Courthouse<br>411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor |

---

**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT**
**CASE NO.: 8:24-CV-01065-JWH-DFM**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on Friday January 24, 2024 at 10:00 a.m., or as soon as the matter can be heard thereafter at the United States District Court, Central District of California located at Ronald Reagan Federal Building and U.S. Courthouse 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor before the Honorable John W. Holcomb, Plaintiff JOHN HO will present his motion for a default judgment against defendant D & S INVESTMENT, LLC, a limited liability company ("Defendant"). This motion is based on this notice of motion and motion, the files and records submitted herewith, and any other documents the court feels are relevant.

ASCENSION LAW GROUP, PC

DATE: December 21, 2024

　　　　/s/ Pamela Tsao　　　　

Pamela Tsao, attorney for Plaintiff

JOHN HO

---

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................. 1

II.  LEGAL FACTS ............................................................................................... 1

    a.   Plaintiff is Disabled ................................................................................. 1

    b.   Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers. ................................................................................. 1

    c.   Plaintiff Files His Complaint, Serves Defendant, But Defendant Fails File a Responsive Pleading. ............................................................. 2

III. LEGAL STANDARD ..................................................................................... 2

    a.   Default Judgment .................................................................................... 2

    b.   Elements of Plaintiff's Unruh Claims .................................................... 3

    c.   Elements of Plaintiff's Americans With Disabilities Act Claim. .......... 3

IV.  LEGAL ARGUMENT ..................................................................................... 4

    a.   Prejudice to Plaintiff ............................................................................... 4

    b.   Plaintiff Has Established He Is Entitled To Relief Under The ADA and Consequently The Unruh Civil Rights Act. ........................... 5

        i.   *Plaintiff Is Disabled* ........................................................................ 5

        ii.  *Defendant Operated a Public Accommodation* ............................ 5

        iii. *Plaintiff was Denied Public Accommodations, and) Full and Equal Access* ................................................................................. 5

        iv.  *Defendant Is Not Entitled To The Readily Achievable Defense Due To Defendants' Failure To Raise The Readily Achievable Affirmative Defense.* ........................................ 7

        i.   *Removing the Curb Ramps and Painting is Readily Achievable* ..................................................................................... 8

        ii.  *Even if Barrier Removal Is Not Readily Achievable, Defendant Still Failed to Make its Goods Available Through Alternative Methods.* ....................................................... 8

    c.   The Sum Of Money and Relief Requested In The Default Is Not Too Large Or Unreasonable. ................................................................. 8

        i.   *Statutory Damages* ........................................................................ 9

        ii.  *Attorney's Fees* ............................................................................. 9

            1.   *The Hours Spent Are Reasonable* ..................................... 10

|   |   |   |   |   |
|---|---|---|---|---|
| | | 2. | *Tsao's Hourly Rate is Reasonable* .................................................11 |
| | | iii. | *Cost Awards*...................................................................................12 |
| | | iv. | *Injunctive Relief*............................................................................12 |
| | d. | **Possibility of Dispute**................................................................................12 |
| | e. | **Possibility of Excusable Neglect**..............................................................13 |
| V. | **CONCLUSION** .....................................................................................................13 |

# TABLE OF AUTHORITIES

**Cases**

*Ball v. Colco-Tylerton, L.P.*,
  No. SACV010522GLTANX, 2002 WL 32985908, at *2 (C.D. Cal. May 20, 2002)...................................................................................................... 4

*Bernardi v. Yeutter,*
  951 F.2d 971, 974 (9th Cir.1991)....................................................................10

*Blackwell v. Foley*,
  724 F. Supp. 2d 1068 (N.D. Cal. 2010) ........................................................9, 10

*Californians for Disability Rights v. California Dep't of Transp.*,
  No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010),..............................................................................................................10

*Chalmers v. City of Los Angeles*,
  796 F.2d 1205, 1210 (9th Cir 1986)................................................................. 8

*Charlebois v. Angels Baseball LP*,
  993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012)................................................10

*Clavo v. Zarrabian*,
  No. SACV03864CJCRCX, 2004 WL 3709049, at *2 (C.D. Cal. May 17, 2004)................................................................................................................. 4

*Eitel v. McCool*,
  782 F.2d 1470, 1471–72 (9th Cir.1986).......................................................3, 4

*Elder v. Nat'l Conference of Bar Examiners*,
  No. C 11-00199 SI, 2011 WL 4079623, at *4, fn 4 (N.D. Cal. Sept. 12, 2011)................................................................................................................10

*Fortyune v. Am. Multi-Cinema, Inc.*,
  364 F.3d 1075, 1085, n. 4 (9th Cir. 2004)....................................................... 4

*Geddes v. United Fin.Group,*
  559 F.2d 557, 560 (9th Cir.1977)..................................................................... 3

*Hernandez v. Polanco Enterprises, Inc.*,
  19 F. Supp. 3d 918, 931 (N.D. Cal. 2013) ...................................................... 7

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001)................................................................................8, 9

*Long v. Coast Resorts, Inc.*,
  267 F.3d 918, 923 (9th Cir. 2001).................................................................... 4

*Moore v. Cisneros,*
  No. 1:12-cv-00188, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012 ................... 7

*Nat'l Fed'n of the Blind v. Target Corp.*,
    No. C 06-01802 MHP, 2009 WL 2390261, at *1 (N.D. Cal. Aug. 3, 2009) .................................................................................................. 10

*Johnson v. Huynh*,
    No. CIV S-08-1189, 2009 WL 2777021 *2 (E.D. Cal. Aug. 27, 2009) .............. 8

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
    194 F.Supp.2d 995, 1005 (N.D.Cal.2001) ............................................. 11

*TeleVideo Systems, Inc. v. Heidenthal*,
    826 F.2d 915, 917 (9th Cir. 1987) ........................................................... 11

*Vogel v. Rite Aid Corp.*,
    992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014) ........................................ 2, 3, 7, 12

*Wilson v. Haria & Gogri Corp.*,
    479 F. Supp. 2d 1127, 1132-33 (E.D. Cal. 2007) ............................................ 4, 7

**Statutes**

42 U.S.C. § 12101(a)(5) ................................................................................. 4

42 U.S.C. § 12102(2)(A); ............................................................................. 5

42 U.S.C. § 12181(7)(E) ............................................................................... 5

42 U.S.C. § 12182(a) .................................................................................... 4

42 U.S.C. § 12188(a)(2), (1) ........................................................................ 11

42 U.S.C. § 12205 ........................................................................................ 8

42 U.S.C. §§ 12188(a)(2) ............................................................................. 4

California Civil Code § 5 .............................................................................. 8

California Civil Code § 51(e)(1) ................................................................... 5

California Civil Code § 51(b) .................................................................... 3, 5

California Civil Code § 51(f) ....................................................................... 3

California Government Code 12926 ............................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 15, 2024, the Clerk of this Court entered the default against defendant D & S INVESTMENT, LLC, a limited liability company ("Defendant"). *See* Docket No. 14. The Defendant is not a minor or infant or incompetent person or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Despite the fact that the Defendant has not appeared in this action, Plaintiff John Ho ("Plaintiff") served Defendant with this motion on December 21, 2024. Fed. R. Civ. P. 55(b)(2). Plaintiff hereby submits the following Memorandum of Points and Authorities In Support of Its Motion for Default Judgment ("Motion").

## II. LEGAL FACTS[1]

### a. Plaintiff is Disabled

Plaintiff is a T-12 paraplegic, and as a result is unable to walk or stand, and thus requires a use of a wheelchair at all times when traveling in public. (Complaint ¶ 8, Docket No. 1). Plaintiff is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

### b. Plaintiff Attempted To Visit The Property But Encountered Accessible Barriers.

On May 1, 2024, Plaintiff attempted to visit business complex located at 3701 S Harbor Blvd, Santa Ana, CA 92704 (the "Property"). While there, Plaintiff had difficulties patronizing the business because of architectural barriers existing at the Property. (*Id.* at ¶¶ 9, 10). Specifically, parking spaces designated as accessible and accompanying access aisles have slopes and/or cross slopes that exceed 2.0%.

---

[1] The allegations in the complaint relating to liability are taken as true in a default proceeding. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

1

**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT**
**CASE NO.: 2:21-CV-08410-RSWL-PD**

Without a level parking space, it is difficult for Plaintiff to unload/transfer from a vehicle as his wheelchair rolls. *Id.* Additionally, to access the sidewalks and stores, Plaintiff must traverse up a built-up curb ramp that is too steep. To the extent that the curb ramp is intended to be a ramp, it does not have the necessary railings for Plaintiff to safely maneuver up and down. Lastly, accessible parking spaces are not properly marked and maintained. For example, pavement marking is severely faded making it difficult for Plaintiff to determine which spaces will accommodate Plaintiff's disability. *Id.; see also* Declaration of John Ho In Support of Plaintiff's Motion for Default Judgment ("Ho Decl.") ¶ 3, Exhibit A.

    **c.**    **Plaintiff Files His Complaint, Serves Defendant, But Defendant Fails File a Responsive Pleading.**

On May 16, 2024, Plaintiff filed a Complaint against Defendant. On or about September 11, 2024, Plaintiff served Defendant with a copy of the Summons and Complaint *via* substituted service. *See* Docket No. 11. Despite Defendant's answer being due by no later than October 2, 2024, Defendant has not filed an answer or otherwise appeared in this action.

## III.    LEGAL STANDARD

    **a.**    **Default Judgment**

"A court may enter judgment against parties whose default has been taken pursuant to Rule 55(b) of the Federal Rules of Civil Procedure." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014).

"The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits." *Id., citing to Eitel*

*v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

Once a party's default has been entered, however, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *Vogel, supra,* 992. F. Supp. 2d at 1005 (C.D. Cal. 2015), *citing to Geddes v. United Fin.Group,* 559 F.2d 557, 560 (9th Cir.1977) ("upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). The court, however, must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Vogel, supra,* 992 F. Supp. 2d at 1005 (C.D. Cal. 2014). If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the "amount and character" of the relief that should be awarded. *Id.*

    **b.**    **Elements of Plaintiff's Unruh Claims**

The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." California Civil Code § 51(b). Under California Civil Code § 51(f), any violation of the Americans with Disabilities Act ("ADA") necessarily constitutes a violation of the Unruh Act. *Id.; see also Vogel, supra,* 992 F. Supp. 2d at 1011 (C.D. Cal. 2014).

    **c.**    **Elements of Plaintiff's Americans With Disabilities Act Claim.**

As a general rule, the ADA demands that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (and use) of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); *Fortyune v. Am. Multi-*

*Cinema, Inc.*, 364 F.3d 1075, 1085, n. 4 (9th Cir. 2004). Discrimination under this general rule includes an entity's failure to make its facility readily accessible to, and useable by, the disabled. 42 U.S.C. §§ 12188(a)(2), citing 12182(b)(2)(A)(iv) and 12183(a); *Long v. Coast Resorts, Inc*., 267 F.3d 918, 923 (9th Cir. 2001).  In addition to "outright intentional exclusion," and "relegation to lesser services [and] benefits," other problems identified by Congress include the discriminatory effects of architectural barriers and the failure to modify existing facilities and practices. 42 U.S.C. § 12101(a)(5).

To prove discrimination stemming from an architectural barrier under the ADA, Plaintiff need only demonstrate that (1) [Plaintiff] is disabled; (2) the facility in question is a place of public accommodation; (3) the facility contains an architectural barrier; (4) [Plaintiff] had actual knowledge of the architectural barrier precluding his full and equal access to the facility, and (5) if the Subject Property was constructed before 1993, then Plaintiff must also show that the removal of such barrier is readily achievable." *Wilson v. Haria & Gogri Corp*., 479 F. Supp. 2d 1127, 1132-33 (E.D. Cal. 2007); *see also Ball v. Colco-Tylerton, L.P.*, No. SACV010522GLTANX, 2002 WL 32985908, at *2 (C.D. Cal. May 20, 2002) (same); *see also Clavo v. Zarrabian*, No. SACV03864CJCRCX, 2004 WL 3709049, at *2 (C.D. Cal. May 17, 2004).

## IV.   LEGAL ARGUMENT

Plaintiff has satisfied all of the factors set forth in *Eitel*, *supra,* thus warranting this Court to enter a default judgment against Defendant in favor of Plaintiff.

### a.   Prejudice to Plaintiff

Plaintiff has suffered, and continues to suffer, discrimination due to his physical disability because of Defendant's failure to comply with the ADAAG and California Building Code requirements in violation of the ADA and the Unruh Act.  *See* Ho Decl. ¶ 5.  Defendant has failed to appear and defend itself.  Absent entry of a default judgment, Plaintiff will most likely be without recourse against Defendant given

Defendant's unwillingness to cooperate and defend. Because Plaintiff will suffer prejudice if he is without recourse against Defendants, this factor favors entry of a default judgment.

    **b.    Plaintiff Has Established He Is Entitled To Relief Under The ADA and Consequently The Unruh Civil Rights Act.**

A violation of the ADA automatically constitutes a violation of the Unruh Civil Rights Act.

    **i.    <u>Plaintiff Is Disabled</u>**

As a person who must use a wheelchair for mobility, Plaintiff is clearly a person with a disability as defined by state and federal law. 42 U.S.C. § 12102(2)(A); Calif. Civil Code § 51(e)(1), incorporating Calif. Gov. Code 12926.

    **ii.    <u>Defendant Operated a Public Accommodation</u>**

A private entity qualifies as a place of public accommodation under state and federal law if it is doing business with the public and if it meets one of several categories, one of which is a sales establishment. 42 U.S.C. § 12181(7)(E); Calif. Civil Code § 51(b). The Property is a shopping center and thus is a place of public accommodation. Defendant thus has a duty to comply with the antidiscrimination provisions set forth in the ADA and California law, as it was the owner of a "public accommodation."

    **iii.    <u>Plaintiff was Denied Public Accommodations, and) Full and Equal Access</u>**

Finally, Plaintiff has photographs evidencing his visit to the Property and architectural barriers that prevented him from enjoying full and equal access. (*See* Ho Decl. ¶ 3, Exhibit A).

### 1. Accessible parking spaces were not properly identified

Accessible parking spaces and access aisles accompanying the accessible parking space at the Property were not properly marked as required under ADAAG §§ 502.2 and 502.3.3.  Under ADAAG § 502.2, "[c]ar parking spaces shall be 96 inches (2440 mm) wide minimum and van parking spaces shall be 132 inches (3350 mm) wide minimum, [and] shall be marked to define the width, and shall have an adjacent access aisle complying with 502.3."  ADAAG § 502.3.3 requires that "[a]ccess aisles shall be marked so as to discourage parking in them."  As is evidenced from the photo taken on the day of Plaintiff's visit, there is no "NO PARKING" marking in the access aisle that would discourage persons from parking in the space.  *Id.*

The lack of properly marked access aisles made it difficult for Plaintiff to determine which spaces were intended to and would accompany Plaintiff's disabilities.  *Id.*

### 2. Accessible pathways are excessively sloped

ADAAG § 502.4 requires that "[a]ccess aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted."  Despite this ADAAG restriction, parking spaces at the Property that are designated as accessible have steep slopes with built up curb ramps.  This is evidenced by the photos Plaintiff took during his visit to the Property on May 1, 2024.  *See* Ho Decl. ¶ 3, Exhibit A.

### 3. Curb ramps protrude into access aisles

ADAAG §406.3 notes that "[b]uilt-up curb ramps are permitted, but they cannot project in parking spaces, access aisles, or vehicle traffic lanes."  As evidenced in the photos Plaintiff took during his visit, the built up curb ramps protrude into the access aisle accompanying accessible parking spaces.  *Id.*  This condition thus violates the ADAAG and is undeniably an accessible barrier.

        iv.        ***Defendant Is Not Entitled To The Readily Achievable Defense Due To Defendants' Failure To Raise The Readily Achievable Affirmative Defense.***

      Courts appear to be divided on whether a Defendant can waive the readily achievable defense. While some Central District Courts have held that the ruling in a *Lopez v. Catalina Channel Express, Inc*., 974 F.3d 1030 (9th Cir. 2020) established that the readily achievable defense can be waived, this reading misconstrues the holding in *Lopez,* and contradicts well settled U.S. Supreme Court decisions. Specifically the ruling in *Lopez,* merely states that the Plaintiff has the initial burden to prove that a barrier is readily achievable. In *Lopez*, however, the Defendant did in fact assert the readily achievable defense. The Ninth Circuit in *Lopez,* therefore never made a ruling regarding whether a Plaintiff must still provide that a barrier is readily achievable when a Defendant fails to raise the affirmative defense.

      Notably, the Ninth Circuit in *Lopez* noted repeatedly that the readily achievable defense was an "affirmative defense." *See, infra, Lopez v. Catalina Channel Express, Inc.,* 974 F.3d 1030 (9th Cir. 2020). And the well settled rule, noted by the Ninth Circuit in following the decisions of the U.S. Supreme Court is that "[g]enerally, an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020), *citing to* John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133, (2008) (citing Fed. R. Civ. P. 8(c)(1), 12(b), 15(a)); *see also Whitaker v. Sheikh,* No. 221CV0493KJMKJNPS, 2022 WL 1262023, at *6 (E.D. Cal. Apr. 28, 2022) ("Given that non-readily achievable removal is an affirmative defense, it should be equally true after *Lopez* as before that a defendant's failure to appear and plead that affirmative defense in its answer waives that defense at summary judgment.").

      Accordingly, Defendant is not entitled to the readily achievable defense, and Plaintiff need not establish that barrier removal is readily achievable.

> i. *Removing the Curb Ramps and Painting is Readily Achievable*

Even if this Court were inclined to find that Defendant had not waived the affirmative defense, removing the curb and installing a curb cut is readily achievable. Defendant can demolish the curb and replace it with an ADA compliant curb cut without much difficulty. *See Parr v. L & L Drive-Inn Rest.,* 96 F. Supp. 2d 1065, 1088 (D. Haw. 2000) (found that installing curb cut was readily achievable because "correcting these barriers would merely involve some asphalt and some planning"). Installing compliant curb cuts would not require extensive structural work, require specialty knowledge to perform, nor compromise the integrity of the accessible parking space. The same is true of ensuring that pavement marking of accessible spaces are properly upkept. Ensuring that pavement markings are not faded, merely requires a can of spray paint and thus is undeniably readily achievable.

> ii. *Even if Barrier Removal Is Not Readily Achievable, Defendant Still Failed to Make its Goods Available Through Alternative Methods.*

"Even if [Defendant] can demonstrate that the removal of a barrier ... is not readily achievable, [Defendant] is still liable under the ADA if it fails to make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods so long as such methods are readily achievable." *See Catalina Channel Express, Inc.*, *supra,* 974 F.3d at 1034 (9th Cir. 2020).

During Plaintiff's visit to the Property, there was no phone number posted at the outside for patrons to call if they needed assistance. *See* (Ho Decl. ¶ 4). Thus, even if barrier removal is not readily achievable, Defendant still violated the ADA by failing to provide alternative methods for Plaintiff to enjoy the Property.

c. **The Sum Of Money and Relief Requested In The Default Is Not Too Large Or Unreasonable.**

Plaintiff seeks a total of $12,585.00 in statutory damages, attorney's fees, and costs. Plaintiff also seeks injunctive relief. Courts have readily held that this sum of money in an ADA default judgment is not unreasonable. *See Vogel, supra,* 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (finding that $13,739.20 in a default judgment was "neither too large nor to unreasonable when balanced against [defendant's] actions."); *see also Moore v. Cisneros,* No. 1:12-cv-00188, 2012 WL 6523017 (E.D. Cal. Dec. 13, 2012 (noting that an award of $10,119.70 on default judgment was "not a particularly large sum of money, nor does it appear unreasonable in light of Defendants' actions"); *Johnson v. Huynh,* No. CIV S-08-1189, 2009 WL 2777021 *2 (E.D. Cal. Aug. 27, 2009) (holding that $12,000 was a "relatively small award of damages" in a default judgment case).

      **i.**     <u>**Statutory Damages**</u>

Plaintiff's complaint and declaration establishes one visit to the Property and one instance of deterence. (*See* Complaint ¶ 9; *see also* Ho Decl. ¶ 3). Under Section 55.56 of the California Civil Code, which establishes a strict criterion for the award of statutory damages under the Unruh Act, Plaintiff is thus entitled to statutory damages in the amount of $8,000.

      **ii.**     <u>**Attorney's Fees**</u>

Plaintiff is entitled to $4,040.00 in reasonable attorneys fees. This amount reflects the reasonable attorney's fees incurred to date as well as an additional two hours (at $400/hr) which Plaintiff anticipates will be the amount of time spent preparing for and attending the hearing on Plaintiff's Motion for Default Judgment. (*See* Declaration of Pamela Tsao ("Tsao Decl.") In Support of Plaintiff John Ho's Motion for Default Judgment ¶ 12, Exhibit A). The ADA provides that a prevailing plaintiff recover attorney fees and costs. 42 U.S.C. § 12205. The Unruh Civil Rights Act also provides for the award of attorneys' fees to a prevailing plaintiff (Cal. Civ.

**9**
**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT**
**CASE NO.: 2:21-CV-08410-RSWL-PD**

Code § 52(b)(3)).  Plaintiff has prevailed on his Unruh Civil Rights Act and ADA claim and is therefore entitled to his recovery of his attorney fees and costs.

The Court must only make a determination as to what constitutes "reasonable" attorneys' fees.  In so doing, the Court first calculates the "lodestar figure" by taking the number of hours reasonably expended on the matter and multiplying it by a reasonable rate. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32, 104 Cal. Rptr. 2d 377, 384 (2001).  Thus, once the number of hours is set, "the district court must determine a reasonable hourly rate considering the experience, skill and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

### 1.     *The Hours Spent Are Reasonable*

As the first step in the calculation of an equitable award, the Court should determine the number of hours reasonably expended in the litigation of this case. The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorneys, must be a calculation of the attorneys' services in terms of the time he has expended on the case. An "attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010), *citing to Ketchum v. Moses*, 24 Cal. 4th 1122 (2001).

The documentation Tsao has submitted in support of a request for attorney's fees should be sufficient to satisfy the Court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable to apprise the Court of the nature of the activity and the claim on which the hours were spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The billing statements attached as Exhibit A to the Declaration of Pamela Tsao meet this standard. (*See* Tsao Decl., Exhibit A).

The general litigation of the case reasonably and necessarily involved pre-filing investigation and research, court filings, and the preparation and filing of this Motion.

(See Tsao Decl. ¶ 13, Exhibit A). Plaintiff's attorney will have expended approximately 8.1 hours when this fee motion is filed. (*Id.*). Tsao also anticipates incurring an additional two hours in preparing for and attending the hearing on Plaintiff's Motion for Default Judgment. (*See Id.* at ¶ 12). There has been no overbilling in this case. This action has been staffed only with one attorney, and thus there has been no duplication of work. All of the hours submitted to the Court in the accompanying declaration of Pamela Tsao and the attached billing were reasonable and necessary in the prosecution of this case.

### 2. *Tsao's Hourly Rate is Reasonable*

"[T]he established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Reasonable rates are thus "to be calculated according to the prevailing market rates in the relevant community, with close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation." *Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010), *report and recommendation adopted sub nom*. When considering the rates of other lawyers of comparable skill, experience, and reputation, courts should look to the fees awarded in "other types of equally complex federal litigation...." *Bernardi v. Yeutter,* 951 F.2d 971, 974 (9th Cir.1991) (citing *Hensley,* 461 U.S. at 430 n. 4).

In this case, Tsao bills $400 per hour for her ADA work. Tsao's hourly rate is not only commensurate with other attorneys in the same practice area and experience as Ms. Tsao, but is actually less than what other similar attorneys charge. *See Elder v. Nat'l Conference of Bar Examiners*, No. C 11-00199 SI, 2011 WL 4079623, at *4, fn 4 (N.D. Cal. Sept. 12, 2011) (the court found that a rate of $535/hr was reasonable for an attorney with eight years of experience; the same as Tsao); *see also Blackwell v.*

*Foley*, 724 F. Supp. 2d 1068, 1084 (N.D. Cal. 2010) (the court noted with approval the hourly rate of $425 for an attorney with 7 years' experience, which was the rate set in *Nat'l Fed'n of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261, at *1 (N.D. Cal. Aug. 3, 2009)); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) (approved hourly rates of $500/hr and $475/hr for an attorney with six and five years of experience respectively).

   iii. <u>**Cost Awards**</u>

Federal Rules of Civil Procedure Rule 54 provides that a prevailing party to a default judgment is entitled to an award of costs. Here, Plaintiff incurred the following costs, as established by Local Rule 54-3: $405 in filing fees (*See* Docket No. 1); $140.00 fees for service of process (*See* Docket No. 11; *see also* Tsao Decl. ¶ 14). The total costs Plaintiff incurred in this matter is therefore $545.00.

   iv. <u>*Injunctive Relief*</u>

Plaintiff is also entitled to injunctive relief under ADA § 308(a)(2) to remove those architectural barriers and ADA § 308(a)(1) to take whatever other measures are necessary to provide him "full and equal enjoyment" of the store. 42 U.S.C. § 12188(a)(2), (1), respectively. More importantly, because those same inaccessible elements also violated California law, Plaintiff is also entitled to injunctive relief under Unruh Act to remove the same. Calif. Civil Code §§ 51(b), 51(f), 52(a).

  d. **Possibility of Dispute**

Plaintiff has adequately alleged disability discrimination in violation of the ADA and the Unruh Act by enumerating, in his Complaint, the architectural barriers present at the Property. Defendant has failed to appear and have therefore admitted all material facts alleged in Plaintiff's pleading. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount *918 of damages, will be taken as true"). Since Plaintiff's factual allegations are

presumed true and Defendant has failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment. This factor, therefore, favors the entry of default judgment against Defendant.

      e.    **Possibility of Excusable Neglect**

The record indicates that Defendant had adequate notice that it had been sued as it was properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment. See *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F.Supp.2d 995, 1005 (N.D.Cal.2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, Defendant's default was not the product of excusable neglect. This factor thus weighs in favor of the entry of default judgment. *Vogel, supra,* 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014).

      f.    **Policy Favoring Decisions on the Merits.**

Since Defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment against him. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. *Id.*

## V. CONCLUSION

Based on the foregoing authorities and analysis, plaintiff respectfully requests this Court enter judgment in the amount of $12,585.00 against Defendant which breaks down as follows: Statutory Damages $8,000.00 Attorney Fees $4,040; Costs $545.00. Plaintiff also demands injunctive relief under the ADA and Unruh Act, requiring Defendant to bring the Property into compliance with the ADAAG and CBC.

DATE: December 21, 2024

ASCENSION LAW GROUP, PC
/s/ Pamela Tsao
Pamela Tsao, attorney for Plaintiff

JOHN HO

13

PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT
CASE NO.: 2:21-CV-08410-RSWL-PD

# PROOF OF SERVICE

**CASE NAME:**  *HO vs. D & S INVESTMENT, et al*

**CASE NUMBER:**   8:24-cv-01065-JWH-DFM

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 12341 Newport Ave., Suite B200; North Tustin, California 92705

On December 21, 2024, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 55; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

D & S INVESTMENT, LLC
1 Roanwood Rd.
Rolling Hills Estates, CA 90274

**[X]  BY MAIL**

[X]  I deposited such envelope in the mail at North Tustin, California. The envelope was mailed with postage thereon fully prepaid.

[X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at North Tustin, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Dated: December 21, 2024                    /s/ Pamela Tsao
                                            Pamela Tsao

---

14

**PLAINTIFF JOHN HO'S REQUEST FOR DEFAULT JUDGMENT
CASE NO.:  2:21-CV-08410-RSWL-PD**