1
2
3
4
5
6
7
8                **UNITED STATES DISTRICT COURT**
9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10
11   JOHN HO, an individual,                    Case No. 8:24-cv-01065-JWH-DFM
12              Plaintiff,
                                                 **ORDER REGARDING**
13        v.                                     **PLAINTIFF'S MOTION FOR**
                                                 **DEFAULT JUDGMENT [ECF**
14   D & S INVESTMENT, LLC, a limited            **No. 17]**
     liability company,
15
                Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is the motion of Plaintiff John Ho for default judgment against Defendant D & S Investment, LLC.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the relevant papers,[2] the Court orders that Ho's state law claims are **DISMISSED** and that his Motion is **GRANTED**, for the reasons set forth herein.

## I.  BACKGROUND

### A.    Procedural History

In May 2024, Ho commenced this action in this Court against D & S Investment.[3]  D & S Investment did not respond to the Complaint.  In October 2024, the Clerk of Court entered default against D & S Investment.[4]  In December 2024, Ho filed the instant Motion.  D & S Investment did not file any opposition.

### B.    Factual Allegations

The factual allegations in the Complaint are summarized as follows:

Ho is a T-12 paraplegic, and, as a result, he is "unable to walk or stand, and thus requires [the] use of a wheelchair at all times when traveling in public."[5]  On May 1, 2024, Ho visited D & S Investment, where he encountered a parking space that was not level, a curb ramp that was too steep, and an

---

[1]     Pl.'s Mot. for Default J. (the "<u>Motion</u>") [ECF No. 17].

[2]     The Court considered the documents of record in this action, including the following papers:  (1) Compl. (the "<u>Complaint</u>") [ECF No. 1]; and (2) Motion (including its attachments).

[3]     *See generally* Complaint.

[4]     Default by Clerk [ECF No. 14].

[5]     Complaint ¶ 8.

accessible parking space that was not properly marked or maintained.[6]  Those barriers deterred Ho from returning to the property.[7]

Ho asserts two claims for relief:  (1) violations of the Americans with Disabilities Act of 1990 (the "<u>ADA</u>"); and (2) violations of the Unruh Civil Rights Act (the "<u>Unruh Act</u>").[8]

## II.  LEGAL STANDARD

A court may enter default judgment following the entry of default by the Clerk of the Court.  *See* Fed. R. Civ. P. 55(b).  This Court's Local Rules require a plaintiff's application for default judgment to be accompanied by a declaration that conforms to the requirements of Rule 55(b) of the Federal Rules of Civil Procedure and that sets forth the following information:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

L.R. 55-1.

The decision to enter default judgment is left to the sound discretion of the district court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980).  In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the

---

[6]  *Id.* at ¶ 10.

[7]  *Id.* at ¶ 12.

[8]  *See generally id.*

following factors for consideration in determining whether to grant default
judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of
> plaintiff's substantive claim; (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due to
> excusable neglect; and (7) the strong possibility underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. Upon the entry of default, the well-pleaded factual allegations of
a complaint are deemed true; however, allegations pertaining to the amount of
damages must be proven. *See TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915,
917 (9th Cir. 1987). A plaintiff is required to provide evidence of its damages,
and a court may order a full evidentiary hearing or may rely on only the
declarations submitted by the plaintiff. *See* Fed. R. Civ. P. 55(b)(2). Further,
the damages that the plaintiff seeks in the default judgment must not "differ in
kind from, or exceed in amount, what is demanded in the pleadings."
Fed. R. Civ. P. 54(c).

### III. ANALYSIS

#### A.    Supplemental Jurisdiction

The Complaint asserts a violation of the Unruh Act, which is a state law
claim. It appears that the Court possesses only supplemental jurisdiction over
that claim. *See* 28 U.S.C. § 1367(a).

The Court concludes that it should not exercise supplemental jurisdiction
over the Unruh Act claim. The supplemental jurisdiction statute "reflects the
understanding that, when deciding whether to exercise supplemental
jurisdiction, 'a federal court should consider and weigh in each case, and at
every stage of the litigation, the values of judicial economy, convenience,

1  fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156,

2  173 (1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

3      The California Legislature's decision to install unique procedural

4  guardrails over Unruh Act claims qualifies as an exceptional circumstance, for

5  which a district court may decline to exercise supplemental jurisdiction. *See*

6  *Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021). Further, because this case

7  has barely proceeded past the pleading stage, concerns of comity greatly

8  outweigh any concerns of judicial economy, convenience, or fairness to the

9  litigants. *See id.* at 1214-16; *see also* 28 U.S.C. § 1367(c)(4). Indeed, D & S

10  Investment did not even make an appearance. Thus, compelling reasons tied to

11  federal-state comity exist for the Court to refrain from exercising jurisdiction

12  over that state law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

13  726 (1966) (discouraging federal courts from making "[n]eedless decisions of

14  state law"). Accordingly, the Court chooses to **DISMISS** Ho's Unruh Act

15  claim for lack of jurisdiction.

16  **B.    Default Judgment**

17      **1.    Procedural Requirements**

18      Ho satisfied the procedural requirements for the entry of default

19  judgment. Pursuant to Rule 55, Ho did not seek the entry of default judgment

20  until after the Clerk entered D & S Investment's default. Additionally, Ho's

21  Motion and accompanying Declaration set forth the information required by the

22  Local Rules.

23      **2.    Application of the *Eitel* Factors**

24          **a.    Possibility of Prejudice to Ho**

25      Ho would suffer prejudice if the Court does not enter default judgment in

26  his favor. Because D & S Investment has not appeared in this action, default

27  judgment is the only means by which Ho may obtain relief. Absent default

28  judgment by this Court, Ho would "be forced to continue the litigation even

1    though no party has filed an answer or a claim." *United States v. Approximately*
2    *$194,752 in U.S. Currency*, 2011 WL 3652509, at *3 (N.D. Cal. Aug. 19, 2011).
3    Therefore, this factor weighs in favor of the entry of default judgment. *See also*
4    *Villegas v. Neptune Land LLC*, 2021 WL 4839571, at *2 (C.D. Cal. Feb. 9, 2021)
5    (finding that the plaintiff would suffer prejudice absent the entry of default
6    judgment because the defendant has continued to be nonresponsive).

### b.    Substantive Merits of Ho's Claims

7
8    The second and third *Eitel* factors concern the merits of Ho's substantive
9    claims and the sufficiency of his pleading, respectively. *See Eitel*, 782 F.2d at
10   1471-72. "The Ninth Circuit has suggested that these two factors require that a
11   plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal.*
12   *Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal quotation marks
13   and citation omitted).

14   The Court concludes that Ho has averred sufficiently detailed facts
15   describing the multiple barriers that he encountered when visiting D & S
16   Investment, now taken as true, that show that D & S Investment has failed to
17   comply with the ADA and that Ho has suffered and will suffer harm because of
18   those violations.

### c.    Sum of Money at Stake

19
20   The fourth *Eitel* factor examines the amount of money at stake in the
21   action relative to the gravity of the defendant's conduct. *See PepsiCo*, 238
22   F. Supp. 2d at 1176. Here, Ho seeks a total of $12,595.[9] That amount does not
23   weigh against entering default judgment. *See, e.g.*, *Villegas*, 2021 WL 4839571, at
24   *3 (finding the amount to be "relatively modest" where the plaintiff sought
25   $4,000 in statutory damages under the Unruh Act and $4,984.50 in attorneys'
26   fees and costs).

27
---
28   [9]    Motion 9:1-2.

**d.    Possibility of Dispute Concerning Material Facts**

Upon the entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages.  *See TeleVideo*, 826 F.2d at 917; *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[b]ecause all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists").  Because D & S Investment has neither appeared in this action nor asserted any defenses, it is unlikely that disputes regarding material facts will arise.  Accordingly, this factor favors the entry of default judgment.

**e.    Whether Default Was Due to Excusable Neglect**

Under the sixth factor, a court must consider whether a defendant's default may have been due to excusable neglect.  *See Eitel*, 782 F.2d at 1472. This factor favors the entry of default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the action.  *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  D & S Investment was properly in September 2024.[10] Therefore, this factor favors the entry of default judgment.

**f.    Policy Favoring Decision on the Merits**

Generally, default judgment is disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  However, when a defendant fails to appear and respond, default judgment is appropriate.  *See Wecosign*, 845 F. Supp. 2d at 1083.  Here, D & S Investment's failure to appear or to defend against Ho's claims renders a decision on the merits impracticable.  Therefore, this factor weighs in favor of the entry of default judgment.

---

[10]    Proof of Service [ECF No. 11].

1    On balance, the *Eitel* factors weigh in favor of the entry of default

2  judgment against D & S Investment.  Therefore, the Court **GRANTS** the

3  instant Motion.

4  **C.    Requested Relief**

5    **1.    Injunctive Relief**

6    Rule 54(c) provides that "[a] default judgment must not differ in kind

7  from, or exceed in amount, what is demanded in the pleadings."

8  Fed. R. Civ. P. 54(c).  A plaintiff must "prove up" the amount of damages.

9  *Aifang v. Velocity VIII, L.P.*, 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).

10    Ho seeks injunctive relief to cure the ADA violations alleged in his

11  Complaint.  The Court concludes that the injunctive relief sought in the Motion

12  coheres with the relief sought in the Complaint.

13    **2.    Attorney's Fees**

14    Ho may recover reasonable attorneys' fees.  *See* 42 U.S.C. § 12205 (the

15  court "may allow the prevailing party, other than the United States, a reasonable

16  attorney's fee").

17    A "'reasonable' fee is a fee that is sufficient to induce a capable attorney

18  to undertake the representation of a meritorious civil rights case." *Vogel v.*

19  *Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (citation omitted).

20  A district court determines a reasonable fee in two steps:  the court first applies

21  the lodestar method, after which it may adjust the figure upward or downward

22  based on a variety of factors.  *See Bravo v. City of Santa Maria*, 810 F.3d 659,

23  665-66 (9th Cir. 2016).  While there is a "strong" presumption that the lodestar

24  calculation yields a reasonable fee, the court must be careful that attorney's fees

25  in civil rights cases do not provide "a form of economic relief to improve the

26  financial lot of attorneys." *Perdue v. Kenny A.* ex rel. *Winn*, 559 U.S. 542, 552

27  (2010) (citation omitted).

28

In conducting the lodestar calculation, the court must first determine whether the attorneys' and staff's hourly rates are reasonable. The court must use reasonable hourly rates of lawyers in the community in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The party seeking to establish that certain hourly rates in the area are reasonable may do so by submitting affidavits of counsel, affidavits of other counsel in the relevant community, or by providing examples from past cases of the relevant community rate. *See id.* at 980-81.

Finally, a "district court has wide latitude in determining the number of hours that were reasonably expended." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). The district court's order awarding attorney's fees will be upheld unless the court "applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citing *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)). The court should compensate the prevailing party only for hours that would reasonably be billed to a private client. *See Gonzalez*, 729 F.3d at 1203. The court should exclude time entries that are "[e]xcessive, redundant, or otherwise unnecessary." *Id.* (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008)).

Here, Ho requests $4,040 in attorney's fees and $545 in expenses.[11]

### a.    Hourly Rate—Attorney Pamela Tsao

The Court determines a reasonable hourly rate by using "the market rate prevailing in the Central District of California" for attorneys of "similar experience, skill, and reputation to members of Plaintiffs' legal team working on similarly complex matters." *Gonzalez*, 729 F.3d at 1206 (internal quotation

---

[11]    Decl. of Pamela Tsao in Supp. of the Motion (the "Tsao Declaration") [ECF No. 18-1].

marks and citation omitted).  "Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate." *Abbywho, Inc. v. Interscope Recs.*, 2008 WL 11406047, at *3 (C.D. Cal. Mar. 17, 2008).  District courts may also rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Ho requests an hourly rate of $400 for attorney Pamela Tsao.  Tsao has practiced law since 2009, and she has worked on numerous civil cases, including disability cases.[12]

The Court concludes that a lower hourly rate is warranted because this case is a relatively straightforward ADA case that resolved swiftly through default judgment, without D & S Investment ever appearing in this action.  A reduced rate of $300/hour is more reasonable in view of the work performed and the complexity of the case.  This Court "will continue to join several others in the Central District by adopting a rate of $300/hour that is more commensurate with the complexity level of these ADA access cases." *Jones v. Sinaloence Food Prod. & Servs., Inc.*, 2023 WL 5504934, at *2 (C.D. Cal. June 8, 2023) (collecting cases); *Kim v. Yan*, 2021 WL 5994497, at *3 (C.D. Cal. Oct. 14, 2021) (reducing attorneys' fees from $500 per hour to $300 per hour on an ADA case that resolved through default judgment).

Accordingly, each entry of work performed by Tsao in the billing statement shall be adjusted to reflect a rate of $300 per hour.

### b.    Hours Reasonably Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1100 (E.D. Cal.

---

[12]    *See id.* at ¶¶ 8 & 9.

-10-

2011).  A "district court may exclude from the fee request any hours that are
'excessive, redundant, or otherwise unnecessary.'"  *Welch v. Metro Life Ins. Co.*,
480 F.3d 942, 946 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434
(1983)).

Tsao billed 8.1 hours to this matter.[13]  The Court concludes that those
hours are reasonable for the instant action.

        **c.**      **Expenses**

Here, Ho seeks $545 for filing fees and $140 for service of process fees.[14]
The Court will award Ho those fees.  *See Villegas*, 2021 WL 4839571, at *4
(awarding those costs).

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      The Unruh Act claim is **DISMISSED.**

2.      Ho's instant Motion is **GRANTED in part**, with respect to
injunctive relief pursuant to the ADA, and **DENIED in part** with respect to
requested attorneys' fees.  Instead, Ho is awarded the amount of $2,975, which
consists of $2,430 in attorneys' fees and $545 in costs.

3.      Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated:  February 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[13]  *See* Billing Statement [ECF No. 17-4].

[14]  *See* Tsao Declaration ¶ 14.